**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AUDIE T. MCGEE,

      Plaintiff(s),

v.

SOCIAL SECURITY ADMINISTRATION,

      Defendant(s).

Case No.: 2:18-cv-02238-RFB-NJK

**Order**

[Docket No. 1]

      Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (Docket No. 1), and has submitted a Complaint (Docket No. 1-1).

**I.**      **Application to Proceed *In Forma Pauperis***

      Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 1. The application has sufficiently shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted pursuant to § 1915.

**II.**      **Screening the Complaint**

      When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint. *See* 28 U.S.C. § 1915(e). With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's screening. First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within 60 days after notice of a final decision. Second, the complaint must indicate the judicial district in which the

plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).

The complaint in this case is insufficient.[1] Most significantly, the complaint indicates that Plaintiff disagrees with a decision to deny benefits, but it is not clear which decision is being challenged (*i.e.*, an initial denial, a denial upon reconsideration, a denial by an ALJ, or a denial by the Appeals Council). Indeed, it appears that the administrative process has not run its course given that Plaintiff is seeking action by the Social Security Administration. *See, e.g.*, Docket No. 1-1 at 2 ("requesting Social Security to review the filings as well as the hearings concerning my disability"). As such, it is not clear that Plaintiff exhausted her administrative remedies within the Social Security Administration. Similarly, it is not clear when a final decision was made (if one has been made), so the Court cannot determine whether this action was commenced in a timely manner.

### III. Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the filing fee.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint.

---

[1] As Plaintiff is proceeding *pro se*, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4. The complaint is hereby **DISMISSED** without prejudice. If Plaintiff believes the deficiencies noted herein can be cured, an amended complaint shall be filed by December 17, 2018. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

5. **Failure to file an amended complaint as required herein will result in a recommendation that this case be dismissed without prejudice.**

IT IS SO ORDERED.

Dated: November 26, 2018

_____
Nancy J. Koppe
United States Magistrate Judge