# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AUDIE T. MCGEE,<br><br>       Plaintiff(s),<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>       Defendant(s). | Case No.: 2:18-cv-02238-RFB-NJK<br><br>**REPORT AND RECOMMENDATION** |

On November 26, 2018, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and dismissed it with leave to amend. Docket No. 3. In particular, the Court found it was unclear from the complaint whether Plaintiff had exhausted her administrative remedies and, if so, whether the complaint was timely filed. *Id.* at 2.[1] To the extent Plaintiff believed these deficiencies could be cured, the Court afforded the opportunity to file an amended complaint. *Id.* at 3. The Court cautioned that "**[f]ailure to file an amended complaint as required herein will result in a recommendation that this case be dismissed without prejudice.**" *Id.* (emphasis in original). The deadline to amend the complaint was December 17, 2018. *Id.* To date, no amended complaint has been filed.

As Plaintiff has not alleged to date that she has exhausted her administrative remedies or that her case here is timely if she has exhausted her administrative remedies, she has failed to state

---

[1] As Plaintiff is proceeding *pro se*, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

a claim on which relief may be granted and this case should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: December 20, 2018

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).